9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert James WHITE, Plaintiff-Appellant,
v.
Barry L. HOWARD, Alleged Judge; Albert L. Holtz, Alleged
"Expert Witness"/ Mediator; State Bar of
Michigan; Oakland County; State of
Michigan, Defendants-Appellees.
 No. 93-1548.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1993.
 
 1
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Plaintiff Robert James White, proceeding pro se, appeals from a district court order dismissing his complaint. this case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Defendant Holtz has moved to strike the plaintiff's brief.
 
 
 3
 Plaintiff brought this civil rights action against defendants "Unknown Parties," Judge Barry L. Howard, Albert Holtz, State Bar of Michigan, County of Oakland, and the State of Michigan, alleging deprivation of rights guaranteed by several Articles and Amendments of the United States Constitution and violations of sixteen Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. Sec. 1961. In a memorandum and order dated November 3, 1992, the district court granted Judge Howard's motion to dismiss on the ground of absolute judicial immunity, see Stump v. Sparkman, 435 U.S. 349, 362 (1978); and Holtz's motion for judgment on the pleadings because the complaint failed to state a claim against him. The court also dismissed the State of Michigan based on Eleventh Amendment immunity. See Welch v. Texas Highways & Public Transp. Dep't, 483 U.S. 468, 472-73 (1987). Subsequently, the district court granted Oakland County's motion to dismiss because no claim against the county was stated in the complaint. On March 19, 1993, the district court dismissed the claims against the State Bar of Michigan for failure to serve the defendant with process within 120 days from the filing of the complaint, and dismissed the complaint in its entirety.
 
 
 4
 Upon review, we conclude that the issues raised in the plaintiff's brief lack merit and that the district court properly dismissed the case. Accordingly the order of the district court, dismissing the case in its entirety, is hereby affirmed for the reasons set forth in the court's orders dated November 3, 1992, December 7, 1992, and March 19, 1993. Rule 9(b)(3), Rules of the Sixth Circuit. The motion to strike is hereby denied.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation